**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/31/09

----------------------------------------------------- X

**IN RE SOUTH AFRICAN APARTHEID**
**LITIGATION**

    **MEMORANDUM**
**OPINION & ORDER**

**02 MDL 1499 (SAS)**

----------------------------------------------------- X

**This Document Relates to:**

----------------------------------------------------- X

**LUNGISILE NTSEBEZA**, *et al.*,

       **Plaintiffs,**

    - against -

**DAIMLER AG**, *et al.*,

       **Defendants.**

**02 Civ. 4712 (SAS)**
**02 Civ. 6218 (SAS)**
**03 Civ. 1024 (SAS)**

----------------------------------------------------- X

**SAKEWE BALINTULO**, *et al.*,

       **Plaintiffs,**

    - against -

**DAIMLER AG**, *et al.*,

       **Defendants.**

**03 Civ. 4524 (SAS)**

----------------------------------------------------- X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

1

## I.   INTRODUCTION AND BACKGROUND

These two actions, brought on behalf of massive classes of South Africans ("plaintiffs"), assert that several multinational corporations ("defendants") aided and abetted torts in violation of customary international law. Plaintiffs claim jurisdiction in United States courts under the Alien Tort Statute ("ATS").[1] The lawsuits address the obligations of corporations under the law of nations, the role of American courts in enforcing universal norms of international law, and the legacy of South African apartheid.

On April 8, 2009, I granted in part and denied in part a motion to dismiss filed in these actions. In that Opinion, I rejected defendants' argument that the ATS cannot impose liability on corporations.[2]  Defendants moved for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) on several issues raised in that motion to dismiss – although not on the issue of corporate liability. After I denied certification,[3] defendants appealed anyway asserting other grounds for appellate jurisdiction pursuant to 28 U.S.C. § 1291.

---

[1]     28 U.S.C. § 1350.

[2]     *See In re South African Apartheid Litig.*, 617 F. Supp. 2d 229, 254-55 (S.D.N.Y. 2009).

[3]     *See In re South African Apartheid Litig.*, 624 F. Supp. 2d 336 (S.D.N.Y. 2009).

Defendants' "opening brief in the Court of Appeals argued, *inter alia*, that the ATS does not encompass corporate liability,"[4] and the Second Circuit subsequently requested that the parties and interested *amici* submit additional briefing on that issue.[5]  Shortly after, at defendants' request and before plaintiffs had an opportunity to respond, the Second Circuit – without "intimating any view" on whether it had jurisdiction on alternative grounds – issued an order remanding the case to this Court for the limited purpose of allowing defendants to move for certification of an interlocutory appeal on the issue of corporate liability.[6]  The Second Circuit "retain[ed] the assignment of all other aspects of [the] appeal."[7]

Defendants have now requested that this Court certify an interlocutory appeal on the issue of corporate liability and have submitted an accompanying memorandum of law.  Because I deny certification, I have not set a

---

[4]     Memorandum in Support of Defendants' Motion to Certify Appeal ("Def. Mem.") at 2.

[5]     *See* 12/4/09 Order, Ex. A to Declaration of Sri Srinivasan ("Srinivasan Decl."), counsel for Ford Motor Company.

[6]     12/18/09 Order, Ex. C to Srinivasan Decl., at 2.

[7]     *Id.*  On December 21, plaintiffs filed a motion for reconsideration of that order arguing, *inter alia*, that they were not permitted a reasonable opportunity to respond to defendants' letter requesting a limited remand to file a motion to certify.  On December 29, the Second Circuit summarily denied the motion for reconsideration.

3

briefing schedule allowing plaintiffs an opportunity to respond to defendants' motion.[8]

## II.   APPLICABLE LAW

Appeals of interlocutory district court orders are governed by 28 U.S.C. § 1292(b).  Under that section, the order being appealed must "(1) involve a controlling question of law (2) over which there is substantial ground for difference of opinion," and the movant must also show that "(3) an immediate appeal would materially advance the ultimate termination of the litigation."[9]  In addition, leave to appeal is warranted only when the movant demonstrates the existence of "exceptional circumstances"[10] sufficient to overcome the "general aversion to piecemeal litigation"[11] and to "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."[12]  "In

---

[8]     Because the Second Circuit has indicated that it will proceed – on January 11, 2010 – with oral argument on the issues raised by defendants in their appeal, deciding this motion in a timely manner was of the utmost importance.

[9]     28 U.S.C. § 1292(b).

[10]     *Williston v. Eggleston*, 410 F. Supp. 2d 274, 276 (S.D.N.Y. 2006).

[11]     *In re AroChem Corp.*, 176 F.3d 610, 619 (2d Cir. 1999). *Accord Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 95 (2d Cir. 1997) (describing the "salutary policies that animate the final judgment rule").

[12]     *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (quotation marks and citations omitted).

4

practice the courts treat the statutory criteria as a unitary requirement, and the decisions granting and discussing interlocutory appeals under [section] 1292(b) uniformly cite all three of the elements as being present in any particular case."[13] Interlocutory appeal "is limited to 'extraordinary cases where appellate review might avoid protracted and expensive litigation,' . . . and is not intended as a vehicle to provide early review of difficult rulings in hard cases."[14] The decision whether to grant an interlocutory appeal from a district court order lies within the district court's discretion.[15]

## III.   DISCUSSION

While the issue of corporate liability is a controlling issue of law, and an immediate appeal on that issue could materially advance the ultimate

---

[13]   *Estevez-Yalcin v. The Children's Village*, No. 01 Civ. 8784, 2006 WL 3420833, at *1 (S.D.N.Y. Nov. 27, 2006) (quotation marks and citation omitted).

[14]   *In re Levine*, No. 03 Civ. 7146, 2004 WL 764709, at *2 (S.D.N.Y. Apr. 9, 2004) (quoting *German v. Federal Home Loan Mortgage Corp.*, 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995)).

[15]   *See, e.g., Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995) ("[D]istrict courts [have] first line discretion to allow interlocutory appeals."); *DM Rothman Co., Inc. v. Cohen Mktg. Int'l, Inc.*, No. 98 Civ. 7905, 2006 WL 2128064, at *1 (S.D.N.Y. July 27, 2006) ("[T]he determination of whether § 1292(b) certification is appropriate under these standards lies with the discretion of the district court." (quoting *Certain Underwriters at Lloyd's, London v. ABB Lummus Global, Inc.*, No. 03 Civ. 7248, 2004 WL 1286806, at *6 (S.D.N.Y. June 10, 2004))).

termination of this litigation, certification is denied because this is not an issue

about which there are substantial grounds for disagreement. I previously rejected

defendants' argument, asserted in its motion to dismiss, that the ATS does not

extend tort liability to corporations.[16]  In that Opinion, I stated that the issue of

corporate liability "is a long-settled question in this Circuit" and adopted the

reasoning of "two lengthy and persuasive explanations of the basis for corporate

liability" articulated by Judge Denise Cote.[17]  As defendants note,[18] that Opinion

made clear that this Court sees no substantial ground for disagreement on the issue

of corporate liability.[19]

---

[16]     See In re South African Apartheid Litig., 617 F. Supp. 2d at 254-55.

[17]     Id. For Judge Cote's opinions see Presbyterian Church of Sudan v.
Talisman Energy, Inc., 244 F. Supp. 2d 289 at 308-19 (S.D.N.Y. 2003);
Presbyterian Church of Sudan v. Talisman Energy, Inc., 374 F. Supp. 2d 331,
335-37 (S.D.N.Y. 2005). Accord Presbyterian Church of Sudan v. Talisman
Energy, Inc., No. 01 Civ. 9882, 2005 WL 2082847, at *3-*4 (S.D.N.Y. Aug. 30,
2005) (denying defendants motion to certify an interlocutory appeal on the issue of
corporate liability because "there is not a substantial ground for difference of
opinion on the issue").

[18]     See Def. Mem. at 7.

[19]     On at least nine separate occasions, the Second Circuit has addressed
ATS cases against corporations without ever suggesting that such cases are barred
or that the issue of corporate liability remained open. See Abdullahi v. Pfizer, Inc.,
562 F.3d 163 (2d Cir. 2009); Vietnam Ass'n for Victims of Agent Orange v. Dow
Chem. Co., 517 F.3d 104 (2d Cir. 2008); Khulumani v. Barclays Nat'l Bank Ltd.,
504 F.3d 254 (2d Cir. 2007) (Katzmann, J., concurring); Flores v. Southern Peru
Copper Corp., 414 F.3d 233 (2d Cir. 2003); Bano v. Union Carbide Corp., 361

Nevertheless, defendants argue that a substantial ground for

disagreement now exists because the Second Circuit has requested briefing on the

issue of whether the ATS extends liability to corporations.  However, the fact that

a Second Circuit panel has determined that this question "has never been decided

by our court" does not show that there are substantial grounds for disagreement as

to the proper outcome when that question is decided.  The only relevant Second

Circuit decision – occurring after this Court issued its Opinion on corporate

liability – cited by defendants is *Presbyterian Church of Sudan v. Talisman*

*Energy, Inc.*[20]  However, in that case, the Second Circuit stated only that it was

"assum[ing], without deciding, that corporations . . . may be held liable for the

violations of customary international law," and that it was not "reach[ing] the

question of whether international law extends the scope of liability to

---

F.3d 696 (2d Cir. 2004); *Aguinda v. Texaco, Inc.*, 303 F.3d 470 (2d Cir. 2002);
*Bigio v. Coca-Cola*, 239 F.3d 440 (2d Cir. 2001); *Wiwa v. Royal Dutch Petroleum
Co.*, 226 F.3d 88, 105 n.10 (2d Cir. 2000); *Jota v. Texaco, Inc.*, 157 F.3d 153 (2d
Cir. 1998).  Even as recently as June 3, 2009, the Second Circuit, in an
unpublished decision, vacated a district court's dismissal for lack of personal
jurisdiction in an ATS action against various Shell Oil corporate entities without
mentioning the issue of corporate liability. *See Wiwa v. Shell Petroleum Co. of
Nigeria Ltd.*, 335 Fed. Appx. 81 (2d Cir. 2009).

[20]     583 F.3d 244 (2d Cir. 2009).

7

corporations."[21]

The Second Circuit has made clear that it has not yet decided the question of corporate liability.  However, it has not provided any reason to believe that there are substantial grounds for disagreement about the correct result in a case where that question is presented.[22]  "[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion.  Rather, '[i]t is the duty of the district judge . . . to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a *substantial* ground for dispute.'"[23]  Because I do not think there are substantial grounds for disagreement on the issue of whether the ATS extends liability to corporations, certification is denied.

## IV.   CONCLUSION

---

[21]     *Id.* at 261 n.12 (quotation marks and citation omitted).

[22]     The Second Circuit's order requesting briefing on the issue of corporate liability did cite two international sources of law presumably raising a question as to whether liability under the ATS should extend to corporations.  *See* 12/4/09 Order at 2.  However, these sources of international law predate my motion to dismiss Opinion, and do not alter my view on whether there are substantial grounds for disagreement about the issue of corporate liability.

[23]     *In re Flor*, 79 F.3d at 284 (quoting *Max Daetwyler Corp. v. Meyer*, 575 F. Supp. 280, 283 (E.D. Pa. 1983)) (other citation omitted).

For the aforementioned reasons, defendants' motion for certification of an interlocutory appeal on the issue of corporate liability is denied.  The Clerk of the Court is ordered to close this motion (02 MDL 1499, No. 219; 02 Civ. 4712, No. 132; 02 Civ. 6218, No. 174; 03 Civ. 1024, No. 55; and 03 Civ. 4524, No. 129).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            December 31, 2009

9

## - Appearances -

### For Plaintiffs Ntsebeza *et al.*:

Jay J. Rice, Esq.
Diane E. Sammons, Esq.
Nagel Rice LLP
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 618-0400

Paul L. Hoffman, Esq.
Schonbrun DeSimone Seplow Harris
   & Hoffman
723 Ocean Front Walk
Venice, California 90291
(310) 396-0731

Tyler R. Giannini, Esq.
Susan H. Farbstein, Esq.
International Human Rights Clinic
Harvard Law School
Pound Hall Room 401
1563 Massachusetts Avenue
Cambridge, Massachusetts 02138
(617) 495-9362

Judith Brown Chomsky, Esq.
Law Offices of Judith Brown
   Chomsky
Post Office Box 29726
Elkins Park, PA 19027
(215) 782-8367

Helen I. Zeldes, Esq.
Zeldes & Haeggquist, LLP
655 West Broadway, Suite 1410
San Diego, California 92101
(619) 995-8218

**For Plaintiffs Balintulo *et al.*:**

Michael D. Hausfeld, Esq.
Hausfeld LLP
1700 K Street, NW, Suite 650
Washington, DC 20006
(202) 579-1089

Steig D. Olson, Esq.
Hausfeld LLP
11 Broadway, Suite 615
New York, New York 10004
(212) 830-9850

Matt Schultz, Esq.
Levin Papantonio Thomas Mitchell
    Echsner & Proctor, P.A.
316 South Baylen Street, Suite 600
Pensacola, Florida 32502
(850) 435-7140

Robert G. Kerrigan, Esq.
Kerrigan, Estess, Rankin & McLeod,
    LLP
627 East Government Street
Pensacola, Florida 32502
(850) 444-4402

**For Defendant International Business Machines Corp.:**

Keith R. Hummel, Esq.
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, New York 10019
(212) 474-1000

**For Defendant Ford Motor Company:**

Sri Srinivasan, Esq.
Justin Florence, Esq.
O'Melveny & Myers LLP
1625 I Street, NW
Washington, DC 20006
(202) 383-5300

**For Defendant Daimler A.G.:**

Peter L. Zimroth, Esq.
Arnold & Porter LLP
399 Park Avenue
New York, New York 10022
(212) 715-1000

Jerome S. Hirsch, Esq.
Robert Zimet, Esq.
Skadden, Arps, Slate Meagher & Flom LLP
Four Times Square
New York, New York 10036
(212) 735-3000